**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

v.                                    **CASE NO. 4:21-CR-00306-BSM-01**

**BYRON LEE**                                                                                          **DEFENDANT**

## ORDER

Byron Lee's objection to the presentence investigation report's (PSR) determination that he is an armed career criminal is sustained and the United States Probation Office is directed to revise the PSR to reflect that Lee is not an armed career criminal.

Lee pled guilty to being a felon in possession of a firearm. Doc. No. 54. After conducting a presentence investigation, the probation office issued a PSR stating that Lee qualifies for the enhanced mandatory minimum sentence of fifteen years pursuant to 18 U.S.C. section 924(e) because he is an armed career criminal. This determination is based on Lee's 2014 conviction for residential burglary as well as two separate 2019 convictions for possession of methamphetamine or cocaine with purpose to deliver. Lee objects to the armed career criminal designation, arguing that his 2019 convictions do not qualify as serious drug offenses because the Arkansas statute under which he was convicted criminalizes conduct that does not violate federal law. Doc. No. 64.

<u>The Armed Career Criminal Statute</u>

A defendant convicted of unlawfully possessing a firearm under 18 U.S.C. section 922(g) faces a mandatory minimum sentence of fifteen years when he has three prior

convictions for violent felonies and/or serious drug offenses. *See* Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). A serious drug offense involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). For a state drug conviction to serve as a predicate offense under the ACCA, it must involve a "controlled substance" under federal law. *See United States v. Perez*, 46 F.4th 691, 699 (8th Cir. 2022) (noting that the relevant federal definition is the one in effect at the time of the federal offense). A violation of a state drug statute does not qualify as a predicate offense under the ACCA when the state statute is more broadly written or punishes more conduct than the federal definition. *United States v. Owen*, 51 F.4th 292, 294 (8th Cir. 2022) (citing *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020)).

I. Lee's Pope County Conviction (Case Number 58CR-18-413)

Lee's 2019 conviction in Pope County is not a predicate offense under the ACCA. Lee was convicted of violating Arkansas Code section 5-64-420, which prohibits possession of methamphetamine or cocaine with the purpose to deliver. Assuming for the sake of argument that this statute is divisible based on the type of drug, it is apparent from the charging document that Lee was convicted of possessing methamphetamine rather than cocaine. *See* Doc. No. 63-2; *Mathis v. United States*, 579 U.S. 500, 505–06 (2016) (courts may review record documents to identify the crime (and elements of that crime) for which

defendant was convicted). The Pope County conviction does not qualify as a serious drug offense because Arkansas's definition of methamphetamine is broader than its federal counterpart. Specifically, the federal definition of methamphetamine includes only optical isomers, while the Arkansas definition of methamphetamine includes "its salts, isomers, and salts of its isomers." *See* 21 U.S.C. § 802(14); 21 C.F.R. § 1308.12(d)(2); Ark. Admin. Code. § 007.07.20, Schedule II, Subsection (d)(2).

At a hearing on this issue, the government presented compelling testimony that, in practice, Arkansas's definition of methamphetamine includes only optical isomers. *See* Doc. Nos. 63, 69 & 70. This is because optical isomers of methamphetamine are the only isomers that would be identified and reported by the state crime lab as methamphetamine. Moreover, methamphetamine's structural isomers appear to go by different names and be considered different substances than methamphetamine. Given this practical reality, the state legislature likely saw no reason to further specify which methamphetamine isomers were being criminalized under Arkansas Code section 5-64-420.

Nevertheless, the Eighth Circuit has taken a more rigid approach when comparing drug definitions under state law to the definitions found in the federal controlled-substance schedules. When a state statute criminalizes the "isomers" of a drug, without further limiting language, it is construed to ban all isomers of that drug. *Owen*, 51 F.4th at 295–96. If the state law criminalizes even one additional isomer not included in the federal definition, a conviction under that statute does not qualify as a serious drug offense for purposes of the

3

ACCA. *Id*. at 296 (*citing United Staves v. Oliver*, 987 F.3d 794, 806–07 (8th Cir. 2021)). This is the case even if there is no realistic probability that the state would ever prosecute the possession or distribution of an isomer other than what is listed in the federal schedules. *Id*. at 296. It is also the case even when the isomers falling outside the federal definition do not exist in the drug trade and can only be found in a lab. *Id*.; *see also United States v. Myers*, 56 F.4th 595, 599 (8th Cir. 2022).

When this stringent approach is applied, there is no escaping the conclusion that Arkansas's definition of methamphetamine is broader than the federal definition. Arkansas's definition of methamphetamine includes its structural isomers, while the federal definition does not. For this reason, Lee's 2019 conviction in Pope County for possession of methamphetamine or cocaine with purpose to deliver cannot serve as a predicate offense under the ACCA.

## II. Johnson County Conviction (Case Number 36CR-18-358)

Lee's 2019 conviction in Johnson County is not a predicate offense under the ACCA. This is true because his Johnson County conviction was under the same statute as his Pope County conviction, which defined methamphetamine more broadly than the federal law. *See supra* Section 1.a. Further, the Johnson County conviction cannot serve as a predicate offense because the pertinent state court documents do not identify whether Lee was convicted of possessing methamphetamine or cocaine, and Arkansas's definition of cocaine is also broader than the federal definition.

The government argues that Lee's Johnson County conviction was for possession of methamphetamine with purpose to deliver, and not cocaine. It points to a probable cause order identifying Lee's offense as involving "10g to <200g Methamphetamine." *See* Doc. No. 63-3 at 4. This probable cause order, however, cannot be used to identify which drug Lee was convicted of possessing for application of the ACCA. The documents that can be used for this purpose are limited to those such as the charging document, plea agreement, or colloquy. *Mathis*, 579 U.S. at 505–06 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The charging document in Lee's Johnson County conviction does not specify whether he possessed methamphetamine or cocaine, and none of the other state court documents the government has produced establish the required "certainty of the record of conviction." *United States v. Dittmar*, 897 F.3d 958, 960 (8th Cir. 2018) (citations omitted).

Because there is no permissible document showing that Lee's Johnson County conviction was for possession of methamphetamine, the predicate offense analysis must include a comparison of the relevant state and federal definitions of cocaine. Arkansas's definition of cocaine is broader than the federal definition of the same. This is because Arkansas's definition of cocaine includes its "isomers," which sweeps in positional, optical, and geometric isomers. *See Myers*, 56 F.4th at 598 (finding Missouri definition of cocaine that did not define "isomer" encompassed all isomers). The federal definition, on the other hand, only criminalizes cocaine's optical and geometric isomers. 21 U.S.C. § 802(14); 21 C.F.R. § 1308.12(b)(4). The Eighth Circuit has held that convictions under state statutes that

do not expressly exclude cocaine's positional isomers cannot be used as predicate offenses under the ACCA. *See Myers*, 56 F.4th 595; *see also Owen*, 51 F.4th 292 (addressing a Minnesota statute). Lee's Johnson County conviction therefore cannot count as a predicate offense.

With Lee's 2019 convictions failing to qualify as serious drug offenses, he is left with only one predicate offense (his burglary). The ACCA, therefore, does not apply. The probation office is directed to update the PSR accordingly. Once Lee's PSR is revised, a sentencing hearing will be re-set under separate notice.

IT IS SO ORDERED this 16th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE